BROWN *v.* BROWN.

PARTNERSHIP—ACCOUNTING—ESTATES OF DECEDENTS.

 While averments of complainant's bill, charging that a partnership existed between her deceased husband and his brothers in certain business ventures described in the pleading, entitled her, if true, to an accounting, as administratrix of her husband's estate, the trial judge correctly dismissed her bill upon evidence that tended strongly to disprove the existence of a partnership.

Appeal from Huron; Beach, J.  Submitted April 16, 1913.  (Docket No. 68.)  Decided May 28, 1913.

Bill by Addie F. Brown as administratrix of the estate of Walter Brown, deceased, against Albert Brown and Frank Brown for an accounting.  From a decree for defendants, complainant appeals.  Affirmed.

*James H. Hall (Frank W. Atkinson,* of counsel), for complainant.

*George W. Bates* and *George M. Clark,* for defendants.

OSTRANDER, J.   The bill of complaint is filed by the widow and administratrix of the estate of Walter Brown, deceased, against Albert and Frank Brown. The record and briefs are wrongly entitled, since Levi Brown is not a party to the suit. Defendants answered the bill, a replication was filed, and proofs were taken. There was a decree dismissing the bill. The following is the statement of facts found in the brief for complainant, appellant:

"Complainant is the administratrix of the estate of Walter Brown, her husband, who died April 23, 1907. Defendants are brothers of her husband. At the time of his death, Walter Brown and defendants were engaged in the fishing business at Harbor Beach. They were commonly known as the Brown Fish Company. Levi Brown had been a partner in the company, but had sold his interest, and on April 23, 1907, defendant Albert Brown had a one-fifth interest in the business, and Walter Brown, Harvey Brown, and Frank Brown owned in equal shares the remainder. Shortly prior to April 23, 1907, the company had sold the tug 'Jones' for $2,500 and had purchased a boat called the 'Searchlight,' leaving a balance in cash from the proceeds of the 'Jones' of $1,250. Other property in the fishing business had been accumulated, and the partnership owned a brick block which stood in Albert Brown's name, valued at $4,500. Walter Brown and Harvey were drowned when the 'Searchlight' was lost on Lake Huron April 23, 1907. Complainant has demanded an accounting from Albert and Frank Brown, the surviving partners, which has been refused. Complainant as personal representative of her husband, Walter Brown, deceased, has filed her bill of complaint for an accounting, and a decree has been entered dismissing said bill of complaint. Complainant has appealed."

From this it would appear that an accounting should be ordered.

The corrections to this statement, found in the brief for appellees, show that the essential fact that a partnership existed is disputed, and that it is denied that complainant's decedent ever owned any interest in the tug "Jones," the "Searchlight," the brick block, or in any partnership property whatever. Questions of fact only are presented. All record evidence is opposed to complainant's contention, and an examination of all the testimony does not convince us that the court below reached a wrong conclusion.

The decree is affirmed, with costs.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.